White, J.
The intestate in this case, Eliza Young, died after the passage of the act of March 4, 1865 (S. & S. 304, 305), amending sections one and two of the act regulating descents. From this fact the present case is claimed to be distinguishable from Brower v. Hunt, 18 Ohio St. 311, the intestate in that case having died before the amendment was passed.
The first ground on which the cases are sought to be distinguished, is that the amendment of March 4, 1865, taken in connection with the third section, as amended April 16, 1862, justifies the giving of a different construction to the sections as amended from that adopted in Brower v. Hunt.
Hue consideration to the nature of the amendments shows such not to be the case.
The act of March 4,1865, amending sections one and two of the former act, was only intended to enlarge the classes of *463 persons who might take the estate on the failure of those provided for by the original sections. The operation of the provisions of the original sections, as contained in the amending act, is the same as it was before the amendment was made.
Nor does section three, as amended April 16,1862 (S. & S. 306), affect the operation of the preceding sections one and two. Section three is only intended to provide for cases where there is a failure of persons capable of taking under the preceding sections; and the amendment of section three merely enlarges the class of persons entitled to the estate before it can escheat.
It is also contended that a different construction of the statute is warranted from that adopted in Brower v. Hunt, by reason of the acts of April 29, 1854, and March 29, 1859 (S. & C. 506), authorizing persons to designate an heir or adopt a child. This claim was pressed upon the attention of the court in the argument of Brower v. Hunt, and was overruled. These acts give to the adopted heir the legal status of a child of the adopter, born in lawful wedlock ; and the statute requires him to be regarded as such child, in tracing descent to or from him in the eases therein specified. But in cases which do not come within those acts, the operation of the statute of descents is the same as if such acts had not been passed.
The question for decision, therefore, in this ease, is not different from that decided in Brower v. Hunt.
¥e deem it unnecessary here to repeat the grounds or course of reasoning on which that decision rests. The decision did not turn on the generic meaning of the words “ ancestor ” and “ descent.” Nor was it held that there could be no descent excejDt in right of blood, nor that “ ancestor ” and “ heir ” were not correlative terms.
It is not a safe mode of juridical investigation to select terms or expressions from decisions, and assume that they have the same fixed and invariable meaning in all cases. Language is incapable of such precision. The meaning must be determined, in the particular instance, by the sub *464 ject to which, the language relates and the connection in which it is used.
■ The proposition decided in Brower v. Hunt was that the terms “ ancestor ” and “ descent,” as used in connection with the order of succession prescribed in the first section of our statute of descents, had reference to such estates only as descended to the intestate in right of blood, or which came to him by devise or deed of gift from one from whom he might have inherited the same in such right; and that where the estate came to the intestate otherwise, its descent from him is regulated by the second section of the act.
We still adhere to that decision. We find nothing in the elaborate arguments now submitted to j ustify our disturbing it.
Judgment reversed, demurrer to the petition overruled, and judgment to he entered for the plaintiffs.
MoIlvaine, C.J., Welch, Rex, and Gilmore, JJ., concurred.